**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

**JULIAN H. CHACON**                                                                                    **PETITIONER**

**VS.**                                   **CASE NO. 2:12CV00088 SWW/HDY**

**T.C. OUTLAW, WARDEN,
FCC Forrest City**                                                                                       **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

       The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

       If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

       1.	Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Julian H. Chacon, an inmate in federal custody, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Mr. Chacon is challenging the computation of credits for good time earned while in custody. Mr. Chacon is serving a 121 month sentence after pleading guilty to conspiracy to distribute and possess with intent to distribute methamphetamine. This sentence was imposed in January of 2007 by the United States District Court for the Northern District of Texas. Previously, Mr. Chacon was sentenced in 1997 to 180 days imprisonment for illegal entry. On June 29, 1997, he was released to INS for deportation.

The petitioner is currently receiving 42 days of good time credit for each year he is incarcerated. He contends he is entitled to 54 days of good time each year. The issue at the heart of the case is summarized well in the Regional Director's Response to Mr. Chacon's appeal of the

Warden's denial of his request:

> You are appealing the Warden's response to your request to receive 54 days of Good Conduct Time (GCT) per year instead of 42 days. In your appeal you state that your decision whether to participate in literacy class should not affect your GCT credit due to your alien status, subject to deportation.
>
> Program Statement 5350.28, Literacy Program, states, although sentence deportable aliens are exempt from attending the literacy program for the mandated 240 instructional hours, they are still subject to the satisfactory progress literacy provision of the Violent Crime Control Law Enforcement Act (VCCLEA) or the Prison Litigation Reform Act (PLRA). To vest earned GCT or be eligible for the maximum amount of GCT, deportable aliens without a verified high school diploma or a General Educational Development (GED) credential who are sentenced under the VCCLEA or the PLRA must meet the satisfactory progress provision of these two acts. However, Program Statement 5884.03, Good Conduct Time Under the Prison Litigation Reform Act, states, an alien who is subject to a final order of removal, deportation, or exclusion is not required to participate in a literacy program or be making satisfactory progress toward earning a GED credential, to be eligible for a yearly award of good conduct time. You are an alien sentenced under the PLRA. *However, you have not yet received a final order of deportation.* When an alien receives such a final order of removal, deportation, or exclusion, Inmate Systems Management staff must recalculate the sentence computation and the computer system will automatically change the annual GCT rate from 42 days to 54 days. (Emphasis added).

Docket Entry no. 7-6, page 50.

The parties agree on almost all the legal issues. For example, there is agreement that an incarcerated alien who is subject to a final order of deportation is entitled to 54 days of annual GCT, and he need not participate in the literacy program to receive this amount of GCT. The parties further agree that Chacon is an alien and that he is not a literacy program participant. The sole point of contention is whether Chacon has received a final order of deportation: Chacon claims he received a final order of deportation on July 8, 1997, while the respondent urges that the 1997 order of deportation has already been executed and that a decision on Chacon's current deportation status is now pending but not final. The respondent notes that if a final order of deportation is entered then

any necessary changes will be made to the petitioner's GCT computation.

We find no merit in the petitioner's claim that he is subject to a final order of deportation. He cites the Court to 8 C.F.R § 1241.8. However, this provision allows for reinstatement of prior orders of deportation, with noticed being given to the alien. 8 C.F.R § 1241.8(b). There is no evidence that reinstatement of the 1997 deportation order is being pursued in this instance. Rather, it appears that the 1997 deportation order was executed, and now the petitioner is in the process of a new deportation proceeding. If the new proceeding results in a final order of deportation, the petitioner will be entitled to additional GCT. Until then, there is no error in the respondent's calculation of GCT.

In summary, Mr. Chacon has not shown any constitutional violation in the manner in which the prison officials have calculated his GCT. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this __19__ day of July, 2012.

_____
UNITED STATES MAGISTRATE JUDGE